UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TRUSTEES of the SHEET METAL WORKERS'
NATIONAL PENSION FUND; TRUSTEES of the
NATIONAL ENERGY MANAGEMENT INSTITUTE
COMMITTEE FOR THE SHEET METAL AND AIR
CONDITIONING INDUSTRY; TRUSTEES of the
SHEET METAL OCCUPATIONAL HEALTH
INSTITUTE TRUST; TRUSTEES of the
INTERNATIONAL TRAINING INSTITUTE FOR
THE SHEET METAL AND AIR CONDITIONING
INDUSTRY; and TRUSTEES of the
NATIONAL STABILIZATION AGREEMENT
OF THE SHEET METAL INDUSTRY FUND,

CIVIL ACTION NO.
15 CV 511 (SJF)(ARL)
ECF CASE

CONSENT JUDGMENT

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ OCT 05 2015 ★

LONG ISLAND OFFICE

Plaintiffs,

-against-

SOUTHBAY AIR SYSTEMS LLC. and,
DAVIS WOOD, as an individual,

Defendants.
-----------------------------------------------------------------x

Plaintiffs, Trustees of the Sheet Metal Workers' National Pension Fund; Trustees of the National Energy Management Institute Committee for the Sheet Metal and Air Conditioning Industry; Trustees of the Sheet Metal Occupational Health Institute and Trust; Trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry; and Trustees of the National Stabilization Agreement of the Sheet Metal Industry Fund, bring this action pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Plaintiffs appeared by and through their attorneys, Jeffrey S. Dubin, P.C.

Defendants, appearing by and through their attorney, Gerard McCabe, Esq., agree to the entry of this Consent Judgment.

This Consent Judgment is intended by the parties to resolve fully, and to finally and forever release and settle the Plaintiffs' claims made against Defendants in this action, upon and subject to the terms and conditions herein, and further subject to the approval of the Court.

Defendants enter into this Consent Judgment without any admission of fact, liability or wrongful conduct of any kind and are not admitting to any allegations in the complaint or during litigation of this case, other than those facts deemed necessary for

the jurisdiction of this Court and those allegations previously admitted in defendants' answer filed with this Court on May 20, 2014.

NOW, THEREFORE, before the taking of any testimony, and without trial or adjudication, the parties hereto agree and stipulate, and it is hereby ORDERED, ADJUDGED, AND DECREED, as follows:

I. Jurisdiction

A. The Court has jurisdiction over the subject matter of the claims set forth in this Agreement and over the parties to this Agreement pursuant to, among other authorities, 28 U.S.C § 1331, and 29 U.S.C. § 1132. This Court has personal jurisdiction over defendants. Defendants waive all objections and defenses that they may have to the jurisdiction of this Court.

~~B. Defendants further agree that this Court shall retain jurisdiction of this action for the purpose of implementing and enforcing the terms and conditions of the Consent Judgment.~~

II. The Parties

A. Plaintiffs are and were employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). Plaintiffs brought this action to enforce the obligations of the defendants to make contributions to these plans and for interest, additional interest, audit costs, reasonable attorneys' fees and costs of action.

B. Defendant, David Wood, is the owner of Southbay Air Systems LLC. Southbay Air Systems LLC is and was a corporation, incorporated under the laws of the State of New York. Southbay Air Systems LLC has been doing business in this district within the meaning of 28 U.S.C. § 1391. Defendant, David Wood, resides within this District. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), and 29 U.S.C. § 1132(e)(2).

III. Definitions

THE COURT ORDERS that the following definitions shall be used in interpreting the terms of this Consent Judgment:

A. "Effective Date" means the earliest date on which all Parties have signed this Agreement.

B. "Final Approval" means the earliest date on which all of the following have occurred: (1) the Court has approved and entered this Agreement as a judgment, without modification materially adverse to any Party prior to or at the time of approval; and (2) the time for appeal from that judgment has expired without the filing of an appeal, or the judgment has been upheld on appeal and either the time for further

appeal has expired without the filing of a further appeal or no further appeal is allowed.

C. "Principal address" means either (1) primary business address, if there is a business address, or (2) primary residential address, if there is no business address.

IV. Effect of Entry of Judgment

Upon approval and entry of this Agreement by this Court, this Agreement and Consent Judgment constitutes a final judgment between the Plaintiffs, on the one hand, and Defendants, on the other hand, in accordance with its terms.

V. Judgment Terms

It is ORDERED, ADJUDGED AND DECREED that Defendant, Southbay Air Systems LLC, located at 160 Express Drive S., Brentwood, New York 11717, and Individual Defendant, David Wood, with offices at, 160 Express Drive S., Brentwood, New York 11717, are indebted, jointly and severally, to Plaintiffs, Sheet Metal Workers' National Pension Fund; National Energy Management Institute Committee for the Sheet Metal and Air Conditioning Industry; Sheet Metal Occupational Health Institute and Trust; International Training Institute for the Sheet Metal and Air Conditioning Industry; and National Stabilization Agreement of the Sheet Metal Industry Fund, in the amount of $80,350.96, for the claims asserted in this action, 15 CV 511 (SJF)(ARL), which consist of delinquent contributions for the period of January 1, 2014 to December 31, 2014; interest due on said delinquent contributions through September 22, 2015; liquidated damages and attorneys' fees and costs.

It is further ORDERED, ADJUDGED AND DECREED that said judgment shall be entered as a final judgment against Southbay Air Systems LLC and David Wood, as an individual, and the Clerk of the Court will be directed to enter such judgment forthwith.

VI. Dismissal of Action

Not later than 15 days after Final Approval, each of the claims asserted in this action by Plaintiffs against Defendants, shall be dismissed with prejudice. Defendants and Plaintiffs shall enter into and execute all Stipulations of Dismissal, with prejudice, necessary to implement the provisions of this paragraph.

VII. Reservations of Rights

A. Except as expressly stated in this Agreement, nothing in this Agreement is intended to affect legally the claims, if any, of any person or entity not a Party to this Agreement.

B. Nothing in this Agreement creates, nor shall it be construed as creating, any claim in favor of any person not a Party to this Agreement.

C. Except as explicitly stated herein, nothing in this Agreement alters, amends,

modifies, or, in any way, affects the legal rights and duties of the Plaintiffs, on the one hand, and Defendants, on the other hand, under other agreements.

VIII. Election to Terminate

Any Party may elect to terminate this Agreement if: (a) a final judicial determination is made by any court of competent jurisdiction that this Agreement will not be approved and entered without modification; or (b) such court modifies this Agreement in a manner materially adverse to that Party prior to or contemporaneously with a final judicial determination approving this Agreement as modified. A party electing to terminate this Agreement pursuant to this paragraph must do so within 10 days after an event specified in the preceding sentence, and shall immediately notify the other Parties of such election in writing by hand delivery, facsimile, or overnight mail. Termination of this Agreement by one Party shall effect termination as to all Parties. For purposes of this paragraph, "termination" and "terminate" shall mean the cessation, as of the date of notice of such termination, of any and all rights, obligations, releases, covenants, and indemnities under this Agreement.

IX. Entry of Final Judgment

This Court finds that this Agreement is fundamentally fair, just and reasonable and directs that this consent decree be entered as a final judgment with respect to the claims against Defendants in the pending action between the parties in the United States District Court for the Eastern District of New York, Civil Action Number ~~14-CV-0028 (ADS)(GRB)~~ 15 CV 511 (SJF)(ARL).

X. Miscellaneous

A. This Agreement can be modified only with the express written consent of the Parties to the Agreement and the approval of the Court.

B. Each undersigned representative of a Party to this Agreement certifies that he is fully authorized to enter into the terms and conditions of this Agreement and to execute and legally bind such Party to this Agreement.

IT IS FURTHER ORDERED that in the absence of termination pursuant to Section VIII above, this Consent Judgment shall terminate twenty (20) years from the date it is issued.

The Clerk of the Court shall close this case.

DATED this 5th day of October, 2015.

s/ Sandra J. Feuerstein
_____
Honorable Sandra J. Feuerstein
United States District Judge

PRESENTED BY:

PLAINTIFFS:
Jeffrey S. Dubin, P.C.     Dated: October 2, 2015
Attorneys for Plaintiffs
By: /s/ Jeffrey S. Dubin (JD-0446)

DEFENDANTS:
Gerard McCabe, Esq.     Dated: October 2, 2015
Attorney for Defendants
By: /s/ Gerard McCabe (GM- 4054)